IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 4, 2008

STATE OF TENNESSEE v. KENNETH LYLE DAVIS

Direct Appeal from the Circuit Court for Madison County
No. 03-92     Donald H. Allen, Judge

No. W2007-00776-CCA-R3-CD  - Filed June 10, 2008

The appellant, Kenneth Lyle Davis, appeals the Madison County Circuit Court's order revoking his probation and reinstating his original two-year sentence. Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which THOMAS T. WOODALL and D. KELLY THOMAS, JR., JJ., joined.

Kenneth Lyle Davis, Tiptonville, Tennessee, Pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Finley, Assistant Attorney General; James G. Woodall, District Attorney General; and Anna Banks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that on June 9, 2003, the appellant pled guilty to driving under the influence (DUI) and felony reckless endangerment and received an effective two-year sentence to be served as five days in jail and the remainder on probation. On April 27, 2005, the appellant's probation officer filed a probation violation report, alleging that the appellant's probation would expire on June 3, 2005, and that he had not yet paid all of his supervision fees or court costs and still had sixty-eight and one-half hours of community service work to complete. The trial court issued a probation violation warrant, and a hearing occurred on May 16, 2005.[1] On May 20, 2005, the trial

---

[1] A transcript of this hearing is not in the appellate record.

court extended the appellant's probation for one year. According to the trial court's written order, the appellant's probation would expire if he paid his fines, court costs, and supervision fees by June 3, 2005.

On July 21, 2005, the appellant's probation officer filed a second probation violation report, alleging that the appellant had violated his probation on July 14, 2005, by committing felony evading arrest, possession of methamphetamine with intent to sell or deliver, and possession of marijuana with intent to sell or deliver. The trial court issued another probation violation warrant. According to a written order filed on August 25, 2005, a hearing was held on August 15, 2005. The trial court found that the appellant had violated his probation by failing to remain arrest-free, revoked his probation, and ordered him to serve the remainder of his two-year sentence in confinement. The appellant appealed the trial court's order, and this court affirmed the trial court's judgment. See State v. Kenneth Lyle Davis, No. W2005-02147-CCA-R3-CD, 2006 Tenn. Crim. App. LEXIS 471 (Jackson, June 22, 2006). According to the appellant's brief and a written guilty plea form attached to the brief, he subsequently pled guilty to several offenses as a result of his July 14, 2005 arrest and agreed to a nine-year sentence to be served on probation.[2]

Apparently, the appellant was released from prison on March 1, 2006, and was allowed to serve the remainder of his two-year sentence on supervised probation, which would expire on June 7, 2007. On January 24, 2007, the appellant's probation officer filed a third probation violation report, alleging that the appellant had violated his probation on January 1, 2007, by being arrested for reckless driving, driving on a suspended license, possession of methamphetamine with intent to resell, conspiracy to manufacture marijuana, and possession of drug paraphernalia. The trial court issued a third probation violation warrant.

At the April 2, 2007 probation revocation hearing, Sergeant Shane Barnes of the Madison County Sheriff's Department testified that at 6:45 p.m. on January 21, 2007, he was in his patrol car and was stopped at the traffic light at the intersection of Parkway and Highway 70 East. Sergeant Barnes saw a gold Ford Ranger pickup truck traveling west on Highway 70. The truck turned right at a high rate of speed and began traveling west on Parkway. Sergeant Barnes stated that as the truck made the right turn, it "went completely over two lanes of traffic into the center lane almost into the opposing lane there and came back into the lane of traffic." Sergeant Barnes pulled in behind the truck and stopped it at the intersection of Dr. F. E. Wright Drive and Parkway. He approached the vehicle and explained to the driver, who was the appellant, why he had stopped the truck. Sergeant Barnes ran a computer check of the appellant's driver's license and learned that the appellant's license had been suspended for failure to pay child support. Sergeant Barnes planned to issue a citation and allow the appellant to call someone to pick him up. He asked the appellant if he could search the vehicle, and the appellant gave consent. During the search, Sergeant Barnes found a Game Boy bag in the truck's center console containing 15.9 grams of methamphetamine, 0.4 grams

---

[2]We note that "arguments . . . and the recitation of facts contained in a brief, or a similar pleading, are not evidence." State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). Similarly, "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal." Grover L. Dunigan v. State, No. E2005-01574-CCA-R3-PC, 2006 Tenn. Crim. App. LEXIS 198, at *8 (Knoxville, Feb. 23, 2006); see State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990).

of methamphetamine, three bags of marijuana seeds weighing about thirty ounces, six clear glass pipes, a small red plastic pipe, scissors, a white spoon, a small torch, multiple bags, scales, and a small composition book containing names and telephone numbers. He also found a small metal chrome container containing methamphetamine. A female had been riding in the truck with the appellant, and neither of them claimed ownership of the bag.

The appellant represented himself at the revocation hearing. On cross-examination, Sergeant Barnes testified that he considered a "high rate of speed" to be any speed that created a reckless or erratic environment. He stated that the appellant was driving too fast to make the right turn onto Parkway safely and that the appellant drove into the opposing lane of traffic. After Sergeant Barnes stopped the appellant and wrote him a citation, he allowed the appellant to use the officer's telephone to call a friend. He stated that if the appellant had not consented to the search of the truck, the stop "would have been over with." Sergeant Barnes stated that he did not remember why he asked to search the truck but that it was "common practice" to search vehicles during traffic stops. After finding the bag containing the drugs and drug paraphernalia, Sergeant Barnes arrested the appellant and the appellant's passenger. He did not seize the appellant's truck because he did not know at that time that the substances he found in the vehicle were controlled substances.

In a written order filed on May 2, 2007, the trial court ruled that the appellant had violated his probation by failing to remain arrest-free and by failing to report the arrests to his probation officer in a timely manner. It revoked the appellant's probation again and ordered that he serve his sentence in confinement with credit for time already served.

The appellant filed a timely pro se notice of appeal, "appealing the Circuit Court['s] decision on his Revocation Hearing that was held on April 2, 2007." However, in his appellate brief, the appellant details the procedural history of his case and argues that the trial court erred on May 20, 2005, by extending his probation for one year. He contends that he told the court that he did not want his probation extended and that he "was about to pay off his debt and let the probation expire" as scheduled on June 3, 2005. He argues that if the trial court had not extended his probation sentence, he could have begun serving earlier the nine-year sentence he later received for his guilty pleas.

## II. Analysis

Tennessee Code Annotated section 40-35-308(c) provides that "at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years." A defendant may appeal as of right from an order revoking probation. Tenn. R. App. P. 3(b). Under Tennessee Rule of Appellate Procedure 4(a), the appellant was required to file a notice of appeal within thirty days from the date that the judgment revoking his probation was entered. The appellant never appealed the May 20, 2005 revocation and probation extension. Moreover, even if we were to treat the appellant's current notice of appeal as an appeal of the trial court's May 20, 2005 order, the notice would be grossly untimely. Tennessee Rule of Appellate Procedure 4(a) provides that the notice of appeal is not jurisdictional and that timely filing may, therefore, be waived in the interest of justice. We choose not to waive the timely filing requirement in this case. Nevertheless, we will address whether the

trial court properly revoked his probation on May 2, 2007.

The appellant did not testify at his revocation hearing. However, in his notice of appeal, he offers several explanations for why he did not inform his probation officer about the new charges he received as a result of Sergeant Barnes' traffic stop and why he should not have to serve the balance of his sentence in confinement. He contends that he could not telephone his probation officer to inform her about the new charges until he was released from jail three days after his arrest, that he had a good record while on probation, and that he followed the probation rules. He also argues that he had not been charged with any violent offense, that his release from confinement was not a threat to the community, and that his release was very important to his young children.

A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of his release. Tenn. Code Ann. § 40-35-311(e). Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, the trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310, -311(e). On appeal, this decision will not be disturbed absent a finding of an abuse of discretion. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). In order to find such an abuse, there must be no substantial evidence to support the trial court's conclusion that a violation of the conditions of probation has occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Such a finding "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)).

The evidence at the hearing established that Sergeant Barnes arrested the appellant for various offenses on January 21, 2007. In his appellate brief, the appellant acknowledges that his arrest was a violation of his probation. Therefore, the trial court did not err by revoking his probation and ordering him to serve the balance of his unserved two-year sentence in confinement.

### III. Conclusion

Based upon the record and the parties' briefs, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE

-4-